820 F.2d 585
 Yakoub Rattib AZZOUKA, Petitioner-Appellant,
v.
Edwin MEESE, United States Attorney General, Alan Nelson,
Commissioner for Immigration and Naturalization Service,
Stanley McKinley, Regional Commissioner of the Eastern
Region of the Immigration and Naturalization Service,
Charles Sava, District Director of the New York District of
the Immigration and Naturalization Service, and J. Scott
Blackman, Assistant District Director for Detention,
Deportation, and Parole of the New York District of the
Immigration and Naturalization Service, Respondents-Appellees.
 No. 1180, Docket No. 87-2139.
 United States Court of Appeals,
Second Circuit.
 Argued May 7, 1987.
Decided June 11, 1987.
 
 James A. Cohen, Washington Square Legal Services, Inc., New York City (Ann Chaitovitz, Barbara Foo, Legal Interns, NYU School of Law, New York City, on the brief), for petitioner-appellant.
 Lawrence W. Chamblee, Sp. Asst. U.S. Atty., New York City (Rudolph W. Giuliani, U.S. Atty., Steven E. Obus, Asst. U.S. Atty., New York City, on the brief), for respondents-appellees.
 Before OAKES, NEWMAN and PIERCE, Circuit Judges.
 PER CURIAM:
 
 
 1
 In a prior appeal of this case, Azzouka v. Sava, 777 F.2d 68 (2d Cir.1985) ("Azzouka I "), cert. denied, --- U.S. ----, 107 S.Ct. 115, 93 L.Ed.2d 62 (1986), we ruled that the record was insufficient for a determination whether the alien's claim for political asylum had been lawfully denied. Uncertainty arose because of the interplay between the exclusion provisions of the Immigration and Nationality Act of 1952, 8 U.S.C. Secs. 1182(a)(27), 1225(c) (1982), and the asylum provisions of the Refugee Act of 1980, 8 U.S.C. Secs. 1101(a)(42), 1158, 1253 (1982) (referred to herein by section numbers of Title 8, United States Code). Section 1182(a)(27) provides for the exclusion of aliens "who ... the Attorney General knows or has reason to believe seek to enter the United States solely, principally, or incidentally to engage in activities which would be prejudicial to the public interest, or endanger the welfare, safety, or security of the United States." Section 1225(c) authorizes exclusion of aliens covered by section 1182(a)(27) "on the basis of information of a confidential nature, the disclosure of which the Attorney General ... concludes would be prejudicial to the public interest, safety, or security." Section 1253(h)(1) prohibits the return of an alien to a country where the alien's "life or freedom would be threatened ... on account of race, religion, nationality, membership in a particular social group, or political opinion." However, section 1253(h)(2)(D) renders this asylum provision inapplicable where "there are reasonable grounds for regarding the alien as a danger to the security of the United States."
 
 
 2
 In Azzouka's case, the Regional Commissioner of the Immigration and Naturalization Service, to whom the Attorney General's authority under section 1182(a)(27) has been delegated, see 8 C.F.R. Sec. 235.8(b) (1987), had ruled that Azzouka was excludable "pursuant to Section 212(a)(27) of the Act [section 1182(a)(27) of Title 8]," without specifying whether Azzouka was deemed to be entering the United States to engage in activities that would be "prejudicial to the public interest" or would "endanger the welfare, safety, or security of the United States." Since asylum could be withheld only for one of the grounds comprehended by the exclusion provision--"danger to the security of the United States," it was not clear whether the exclusion finding sufficed to support the preclusion of consideration for asylum. We therefore remanded the matter for an explicit finding by the Regional Commissioner under section 1225(c) procedures "as to whether Azzouka presents a danger to the security of the United States." 777 F.2d at 76.
 
 
 3
 On remand, the Regional Commissioner found that Azzouka "presents a danger to the people and security of the United States." This finding was based on "confidential information, the disclosure of which would be prejudicial to the public interest, safety, and security of the United States." Habeas corpus relief was denied by the District Court for the Southern District of New York (Richard Owen, Judge).
 
 
 4
 On this appeal, Azzouka challenges the exclusion finding. In Azzouka I we observed that an exclusion finding under section 1225(c) is subject to only limited review by a district court. 777 F.2d at 72. " 'If the Court finds that the Government acted on a facially legitimate and bona fide reason, its inquiry is complete.' " Id. (quoting El-Werfalli v. Smith, 547 F.Supp. 152, 153 (S.D.N.Y.1982)). The public record reveals that Azzouka has been a member of the Palestinian Liberation Organization (PLO) since at least 1982. Upon his attempted entry into the United States he had four passports from three countries, two of which were fraudulent. He also had a fraudulent Yemenite identity card. These documents, all bearing Azzouka's photograph, had different names and dates of birth. His attorney acknowledged that he had obtained the false documents because "it was easy to obtain them through the PLO office in Yemen." Despite Azzouka's claim that he was a PLO deserter, the Regional Commissioner was entitled to conclude, perhaps on the public record and surely on the basis of the confidential documents, which we have examined, that Azzouka presents a "danger to the ... security of the United States." This finding suffices to justify denial of asylum under section 1253(h)(2)(D).
 
 
 5
 We have considered Azzouka's other arguments and find them to be without merit.
 
 
 6
 The judgment of the District Court is affirmed. The stay previously entered is terminated.